# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **LUCY G. SIKES, ET AL.** | **CIVIL DOCKET NO. 6:25-CV-0587** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **CRESCENT BANK & TRUST, ET AL.** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## JUDGMENT

In consideration of the Court's Ruling and Order [Doc. 87], the following ORDERS are entered:

Plaintiffs' Motion to Exclude or, Alternatively, Limit the Expert Report and Testimony of Defendants' Expert, Thomas M. Talley, P.G. [Doc. 30] [1]is GRANTED IN PART with respect to testimony regarding the "group insolvency" theory in connection with the Louisiana revocatory action but otherwise DENIED IN PART.

Plaintiffs' Motion to Exclude or, Alternatively, Limit the Expert Report and Testimony of Defendants' Expert, H. Kenneth Lefoldt, Jr., CPA [Doc. 31] is GRANTED IN PART with respect to testimony regarding the "group insolvency" theory in connection with the Louisiana revocatory action but otherwise DENIED IN PART.

Plaintiffs' Motion to Exclude or, Alternatively, Limit the Expert Report and Testimony of Defendants' Expert, Joseph H. Neely [Doc. 32] is DENIED.

Plaintiffs' Motion to Exclude or, Alternatively, Limit the Expert Report and Testimony of Defendants' Expert, Ralph A. Litolff, Jr. at Trial [Doc. 33] is DENIED.

Plaintiffs' Motion to Introduce Deposition Testimony of Roberta Linder Cuccia at Trial [Doc. 27] is DENIED IN PART as to her invocation of the Fifth Amendment but otherwise GRANTED IN PART, permitting the Plaintiffs to use her testimony concerning, *inter alia*, the

---

[1]

status of her employment with the Debtor and the benefits and paychecks she received from the Debtor.

Plaintiffs' Motion to Introduce Deposition Testimony of Fred B. Morgan, III at Trial [Doc. 28] is GRANTED, that the Defendants be allowed to counter-designate testimony from the deposition for their own use at trial as set out in Exhibit A to their Opposition, and that the Plaintiffs' own designations be allowed as set out in their Reply and the Exhibit thereto.

Plaintiffs' Motion to Introduce Deposition Testimony of Bonnie Higgins at Trial [Doc. 29] is GRANTED.

Defendants' Motion to Introduce Deposition Testimony of Daniel Cadle [Doc. 43] is GRANTED.

Non-Bank Defendants' Motion in Limine to Exclude Evidence Inconsistent with Plaintiffs' Complaint at Trial [Doc. 25] is GRANTED IN PART insofar as the Plaintiffs seek to recover damages under their Partner Distributions claim for distributions before 2009 or after 2010 but otherwise DENIED IN PART.

Non-Bank Defendants' Motion in Limine to Exclude Evidence Sought to Be Introduced at Trial for an Improper Purpose [Doc. 26] is GRANTED IN PART with respect to the 2009 misdemeanor conviction, the 2011 Department of the Interior letter, and Roberta Linder Cuccia's invocation of the Fifth Amendment, but otherwise DENIED IN PART.

Plaintiffs' Motion in Limine Regarding Cadle's Acquisition of the Loans and Other Litigation [Doc. 34] is GRANTED except to the extent the Plaintiffs seek to introduce evidence of the Defendants' attempted purchase of the debt.

Plaintiffs' Motion in Limine to Bar Evidence Relating to Enterprise Insolvency, Including Expert Testimony, at Trial [Doc. 35] is GRANTED IN PART with respect to testimony regarding the "group insolvency" theory in connection with the Louisiana revocatory action but otherwise DENIED IN PART.

THUS, DONE AND SIGNED in Chambers on this 23rd day of October 2025.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE